## Jose Sanchez v. The State.

### No. 2855.   Decided January 27, 1904.

**1.—Statement of Facts.**

In the absence of a statement of facts the action of the court in over-ruling an application for a continuance can not be considered.

**2.—Evidence—Irrelevant.**

Where appellant offered copies of a petition for divorce between the deceased and her former husband, to show that she had contracted syphilis from him, and there was no testimony introduced by the State that could render the above testimony pertinent on the trial of defendant charged with the murder of the deceased, there was no error in excluding it.

**3.—Same.**

Testimony that the former husband of deceased had debauched her sister was inadmissible, in the absence of testimony by the State, which would render it pertinent on the trial of defendant for the murder of the deceased.

**4.—Bill of Exception—Must Disclose Purpose—Practice.**

Where appellant's council objected to the introduction of his client's written confession, and prepared a bill of exception and presented it to the court, with the statement that the same be acted on with as little delay as possible, because bystanders who had heard the confession and the court's ruling might disperse, and also asked that the trial be delayed, there was no error that the court proceeded with the trial, stating that he had ten days in which to sign the bill and where the same gave no reason for this objection and bystanders were accessible to counsel.

**5.—Confession—Bill of Exception—Practice.**

Where there is an issue as to whether or not the confession is voluntary, that issue should be submitted to the jury; but where the court fails to do so, appellant should save the point by bill or motion for new trial, a mere objection to the introduction of the confession is insufficient.

**6.—Bill of Exception—Indictment Against Accessory—Purpose.**

A ruling, excluding a certified copy of an indictment in which another is charged as an accessory to the murder with which appellant stands charged, can not be considered where the bill of exception does not disclose the purpose or reason for the introduction of such testimony.

**7.—Indictment—Manner and Means of Death Unknown.**

The fact that an indictment charging appellant with killing the deceased by ways, means and manner and by instruments to the grand jurors unknown, and returned on the 10th day of September, is not disproved by another indictment returned on the 9th of said month that appellant and another acting as an accessory charging him with choking the deceased to death; and it does not follow that the grand jurors knew the means and manner of the death of deceased and that the indictment should have so charged.

Appeal from the District Court of Frio.   Tried below before Hon. E. A. Stevens.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*E. R. Lane,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life.

There is no statement of facts in the record. By bill of exception number 1 appellant insists that the court erred in overruling his application for continuance. In the absence of the facts this bill can not be reviewed.

By bill number 2 appellant insists the court erred in sustaining the State's exception to the introduction of the original petition in the case of Gregoria Torres v Margarito Torres. At the time said testimony was offered, counsel informed the court that he proposed to prove by copies that Gregoria Sanchez contracted the loathsome disease of syphilis from her former husband Margarito Torres, and that was one of the issues in the civil suit; and another issue was that Margarito Torres debauched the sister of Gregoria, aged 14 years, and cohabitated with her. The explanation of the court to the bill states in substance that no testimony was offered by the State on the trial of the case that rendered or could possibly render this testimony admissible.

Bill number 3 complains that when the State offered what it claimed to be the voluntary written confession of defendant, his counsel objected to its introduction, and asked time to prepare his bill. The court granted counsel time to prepare the bill, and he immediately thereafter presented the same to the court, stating that he desired the same signed by the court with as little delay as possible, for the reason that the bystanders who had heard the statements and the court's ruling thereon would disperse, and the defendant be prejudiced in his rights. Which last request the court overruled, stating that he had ten days of the term in which to sign the same, and also overruled appellant's request that he delay the trial until he signed the same, and directed the trial to proceed. The court appends this qualification: "Defendant's counsel had consumed a considerable portion of the court's time in the preparation of his bill of exceptions, and when he presented it and requested that proceedings be further delayed, the court stated he would examine it as early as convenient, but would not then further delay the proceedings of the court for that purpose. Defendant's counsel did except to the ruling of the court, but he said nothing about bystanders, nor did he give any reason for his exception; and the court did examine said bills of exception as early as practicable, and there are many of the bystanders residing in Pearsall who are accessible to defendant's counsel, and he could consult them if he withes to." We do not think there was any error in the ruling of the court.

Bill number 4 complains that the court erred in admitting in evidence the several written confessions of appellant. The proper predicate for the introduction of this testimony, as shown by the bill, was laid by the State. However, this predicate is seriously controverted by the defendant; that is, the testimony of the State shows that the statements were voluntary, and the testimony of the defendant perhaps tends to show the converse. This condition would not per se

render the statements inadmissible; but under various decisions of this court the statements would be admissible. Where there is an issue as to whether or not the confession is voluntary that issue should be presented by the court in a proper charge to the jury. However, appellant does not insist, either by bill or motion for new trial, that the court's charge is erroneous in this respect; but merely objects to the introduction of the statement. There was no error in the ruling of the court.

Bill of exceptions number 5 shows that appellant offered a certified copy of the indictment returned against Leandre Guiterres by the grand jury of La Salle County on September 9, 1901, and number 902 on the docket of said district court, styled State of Texas v. Leandre Guiterres, charged with the offense of accessory to murder. Whereupon State's counsel objected to the introduction of said certified copy, on the ground that it was immaterial, irrelevant and foreign to any issue in the case on trial. The court sustained the exception. The bill of exceptions does not show any purpose or reason for the introduction of the testimony. However, were we permitted to consult the motion in arrest of judgment, we find that the indictment offered in evidence charged that deceased was choked to death by defendant, and that Leandre Guiterres was an accessory thereto, whereas the indictment against appellant charges the killing was done by "ways, means and manner and by instruments to the grand jurors unknown." The indictment against this defendant was returned September 10th, whereas the indictment against the accomplice was returned September 9, 1901. Appellant reasons from this fact that the grand jury did know the manner and means of the death of deceased, and the indictment should have so charged. We do not think it follows from said facts that this was true. The court did not err in refusing to grant motion in arrest of judgment on this account.

The other grounds of the motion for new trial can not be reviewed in the absence of the facts. No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*